UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR DELISLE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO.  2:17-CV-00905-RSL<br><br>**AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** |

COME NOW the Plaintiff, Arthur Delisle, by and through his attorney of record, Sok-Khieng K. Lim of Davies Pearson, P.C., and allege as follows:

## I.    INTRODUCTION

1.1     This is an action against the Defendant United State of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff Arthur Delisle at the Seattle Veterans Affairs Medical Center.

1.2     The claims herein are brought against the Defendant pursuant to the

AMENDED COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES
2:17-cv-00905-RSL
Page 1 of 9
kb s:\2xxxx\23xxx\237xx\23700\I\pleadings\amended complaint.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1  Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for

2  money damages as compensation for personal injuries caused by the Defendant's

3  negligence.

4      1.3    Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of

5  the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

6      1.4    This suit has been timely filed, in that Plaintiff has timely served notice of

7  their claim on both the Department of Veterans Affairs and the United States Department

8  of Justice less than two years aft the incident forming the basis of this suit.

9      1.5    Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after

10  receiving the Department of Veterans Affairs' February 6, 2017 notice of "final denial"

11  of Plaintiff's claim. *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

12

13          II.    **PARTIES, JURISDICTION AND VENUE**

14      2.1    Plaintiff Arthur Delisle, at all times relevant hereto, is a resident of Pierce

15  County, Washington.

16      2.2    Defendant United States of America, through its agency, the Department

17  of Veterans Affairs, operates the Veterans Affairs Medical Center located at 1660 S.

18  Columbian Way, Seattle, WA 98108.

19

20      2.3    Defendant United States of America, including its directors, officers,

21  operators, administrators, employees, agents, and staff at the Seattle Veterans Affairs

22  Medical Center are hereinafter collectively referred to as "Seattle VA Medical Center."

23

24  AMENDED COMPLAINT FOR PERSONAL INJURIES
    AND DAMAGES

25  2:17-cv-00905-RSL
    Page 2 of 9

26  kb s:\2xxxx\23xxx\237xx\23700\l1\pleadings\amended complaint.docx

**DAVIES PEARSON**, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

2.4     At all times relevant to this Complaint, the Seattle VA Medical Center held themselves out to the Plaintiff as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Plaintiff.

2.5     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.  Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

2.6     Jurisdiction is proper under 28 U.S.C. 1346(b)(1).

2.7     Venue is properly in the Western District of Washington at Seattle under U.S.C. 28 1402(b) in that Plaintiff resides in Pierce County, Washington.

## III.    FACTUAL ALLEGATIONS

3.1     On or about July 30, 2014, plaintiff, Arthur Delisle, underwent a coronary artery stent placement at the Seattle VA Medical Center.  During the procedure by surgeon, Dr. Michael Stadius, a stent was displaced and lodged into the wall of the right common femoral artery by the cardiac surgeon.

3.2     On or about July 31, 2014, a resident physician, Shakirat Oyetunju, MD and Chief of Vascular Surgery, Dr. Ted Kohler, at Seattle WA Medical Center were consulted and asked to examine the Plaintiff and the displaced cardiac stent. After examination of the Plaintiff and the cardiac stent, Dr. Oyetunju and Dr. Kohler

AMENDED COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES
2:17-cv-00905-RSL
Page 3 of 9
kb s:\2xxxx\23xxx\237xx\23700\I\pleadings\amended complaint.docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1  recommended that no intervention for the coronary stent be performed and made the

2  decision to leave the displaced cardiac stent lodged within the wall Plaintiff's right

3  common femoral artery.

4          3.3     Over the next few months, Plaintiff continued to have on-going

5  radiculopathy symptoms and pain shooting from his groin into his right leg and foot.

6  Plaintiff continued to follow-up at the Seattle VA Medical Center for on-going groin and

7

8  right leg pain, but nothing was initially done to help relieve Plaintiff's on-going pain

9  complaints.

10         3.4     On or about October 8, 2014, Plaintiff sought emergency care treatment at

11 St. Francis Hospital in Federal Way, Washington for chest pain and groin pain.  X-rays

12
   were taken which revealed the cardiac stent that was lodged into the right common
13
   femoral artery to be the source of Plaintiff's groin pain.  Plaintiff then followed up with
14
15 physicians at Seattle VA Medical Center who recommended that Plaintiff have surgery to

16 remove the cardiac stent from his groin as the cardiac stent had pierced into the wall of

17 the artery.

18         3.5     On or about October 27, 2014, the cardiac stent that was left in Plaintiff's

19
   right common femoral artery was removed and portions of Plaintiff's right common
20
   femoral artery had to be repaired as the cardiac stent had lodged itself to the wall of the
21
22 artery.

23
24 AMENDED COMPLAINT FOR PERSONAL INJURIES
   AND DAMAGES
25 2:17-cv-00905-RSL
   Page 4 of 9
26 kb s:\2xxxx\23xxx\237xx\23700\1\pleadings\amended complaint.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

3.6    Since the initial surgery of July 30, 2014, Plaintiff continues to have on-going right leg pain and has never been the same due to a permanent nerve injury.

3.7    Plaintiff, Arthur Delisle, sustained nerve damage/injury to his right common femoral artery from a cardiac artery stent placement performed by physicians employed by and/or agents of the Seattle VA Medical Center

3.8    As a result of the Defendant's breaches of the standard of care, Plaintiff suffered significant injuries and required surgery and on-going medical care to treat said injuries.

## IV.    CAUSES OF ACTION

### COUNT I – NEGLIGENCE

4.1    Plaintiff realleges and reincorporate each and every allegation above as if fully set forth herein.

4.2    The Defendant had a duty to provide quality care, and to exercise a standard of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

4.3    The Defendant breached its duty of care to Mr. Delisle.

4.4    At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality care of its patients, including Mr. Delisle.  The Defendant knew, or

AMENDED COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES
2:17-cv-00905-RSL
Page 5 of 9
kb s:\2xxxx\23xxx\237xx\23700\1\pleadings\amended complaint.docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Mr. Delisle that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

4.5     The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employee, agents and staff.

4.6     The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Mr. Delisle.

4.7     The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

4.8     Defendant also failed to obtain proper consent to allow a displaced cardiac stent that was lodged into the right common femoral artery to be left in place right after surgery instead of immediately removing said foreign object before it punctured into the artery causing permanent nerve damage.

## COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

4.9 Plaintiff reallege and reincorporate each and every allegation above as if

AMENDED COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES
2:17-cv-00905-RSL
Page 6 of 9
kb s:\2xxxx\23xxx\237xx\23700\1\pleadings\amended complaint.docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1   fully set forth herein.

2       4.10   At all times relevant to this Complaint, the directors, officers, operators,

3   administrators, employees, agents, staff were employed by and /or acting on behalf of the

4   Defendant.

5       4.11   At all times relevant to this Complaint, the directors, officers, operators,

6   administrators, employees, agents and staff acted within their respective capacities and

7   scopes of employment for the Defendant.

8

9       4.12   The directors, officers, operators, administrators, employees, agents and

10  staff negligently and/or recklessly, directly and proximately caused personal injury to Mr.

11  Delisle, including both acts of omission and acts of commission.

12

13                          **V.   DAMAGES**

14      5.1   As a direct and proximate result of Defendant's negligence, Plaintiff has

15  sustained damages including, but not limited to, the following:

16      A.  Special Damages:

17      (1) Reasonable and necessary expenses incurred for hospitals, physicians,

18          therapy, drugs, medicine and appliances, the exact amount of which has not

19          been ascertained.

20      (2) Such other out-of-pocket expenses as shall be alleged, proven and

21          determined herein, both past and future.

22      B.  General Damages:

23

24  AMENDED COMPLAINT FOR PERSONAL INJURIES
    AND DAMAGES
25  2:17-cv-00905-RSL
    Page 7 of 9
26  kb s:\2xxxx\23xxx\237xx\23700\1\pleadings\amended complaint.docx

**DAVIES PEARSON**, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

(1) The nature and extent of the injuries.

(2) The disability, both mental and physical, experienced and to be experienced in the future.

(3) The disfigurements suffered, both mental and physical, past and future.

(4) Loss of capacity to enjoy life, past and future.

(5) Pain and suffering, both mental and physical, experienced and reasonably expected to be experienced in the future.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for damages and judgment against Defendant in an amount to be proven at trial, but not limited to:

A.  Special damages, now and in the future;

B.  General damages, now and in the future; and

C.  Such other and further relief as the Court may deem just and equitable.

DATED this ___ day of August 2017.

DAVIES PEARSON, P.C.

/s/ Sok-Khieng K. Lim
Sok-Khieng K. Lim, WSB#30607
Attorneys for Plaintiff
Davies Pearson, P.C.
920 Fawcett Ave.
Tacoma, WA 98402
T: 253-620-1500 F: 253-572-3052
Email: slim@dpearson.com

AMENDED COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES
2:17-cv-00905-RSL
Page 8 of 9
kb s:\2xxxx\23xxx\237xx\23700\1\pleadings\amended complaint.docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

**CERTIFICATE OF SERVICE**

Pursuant to the United States District Court Electronic Case Filing rules, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 2 2nd day of Aug_____ 2017, the foregoing document was presented to the Clerk of the Court for filing and uploading to the United States District Court Western District of Washington Electronic Case Filing system.

In accordance with the Court's rules, the Clerk of the Court will send electronic notification of such filing to the following person(s):

Counsel for Defendant:

Tricia Boerger
Assistant US Attorney
United State Attorney's Office
700 Stewart St., #5220
Seattle, WA  98101-1271

Emails:

Tricia.boerger@usdoj.gov; julene.delo@usdoj.gov; eli.quintana@usdoj.gov

DATED this 22nd day of August____, 2017.

DAVIES PEARSON, P.C.

Kathy Bates, Legal Assistant

AMENDED COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES
2:17-cv-00905-RSL
Page 9 of 9
kb s:\2xxxx\23xxx\237xx\23700\1\pleadings\amended complaint.docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully , . .nstructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>VA Hospital c/o Office of General Counsel Pacific North Division, Suzanne Willis, Attorney | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Arthur J. Delisle c/o Law Office of Terry E. Lumsden<br>3517 6th Avenue, Suite 200<br>Tacoma, WA 98406 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>[X] MILITARY   [ ] CIVILIAN | 4. DATE OF BIRTH<br>11/9/1957 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>July 30, 2014      Wednesday | 7. TIME (A.M. OR P.M.)<br>A.M. |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

A coronary stent was dislodged after placement, moved from original location to right femoral artery and became lodged within the wall of the artery causing two aneurysms and permanent nerve damage.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Permanent nerve damage and permanent nerve pain from the nerve damage

| 11. | | WITNESSES |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | Michael Stadius, MD<br>Jill Marie Steiner, MD | |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| N/A | 1,000,000 (One Million) | N/A | 1,000,000 (One Million) |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br><br>*[signature]* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>253-861-5925 | 14. DATE OF SIGNATURE<br>03/09/2016 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

N/A

---

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount.

N/A

N/A

---

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

N/A

---

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

EXHIBIT 2



# DEPARTMENT OF VETERANS AFFAIRS
### Chief Counsel, Pacific District North
#### 4150 Clement Street, Bldg. 210
#### San Francisco, CA 94121
Tel (415) 750-2288
Fax (415) 750-2255

**RS RECEIVED**
FEB 10 2017
**DAVIES PEARSON, P.C.**

In Reply Refer to: PDN - GCLAIMS #280311

*RECEIVED*
*FEB 09 2017*
*LAW OFFICE OF*
*TERRY E. LUMSDEN*

**VIA Certified Mail, Return Receipt Requested**

February 6, 2017

Mr. Terry E. Lumsden
3517 6th Avenue, #200
Tacoma, WA 98406

  Re:  Administrative Tort Claim

Dear Mr. Lumsden:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding the administrative tort claim filed by Arthur Delisle, your client. Our adjudication of Mr. Delisle's claim included a review of his medical records, a review of his claim by medical reviewers in a different part of the country, and interviews of medical personnel.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which Mr. Delisle filed his claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of employment that caused Mr. Delisle compensable harm. Accordingly, we deny his claim.

If Mr. Delisle is dissatisfied with this decision, he may file a request for reconsideration of his claim with the VA Office of General Counsel by either of the following means:

    (1) by mail to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; or
    (2) by data facsimile (fax) to (202) 273-6385.

To be timely, VA must <u>receive</u> this request within six months of the mailing of this final denial. The VA has six months to act on the reconsideration request. After that time, Mr. Delisle has the option of filing suit in an appropriate U.S. District Court under 28 U.S.C. § 2675(a). 28 C.F.R. § 14.9.

In the alternative, if Mr. Delisle is dissatisfied with the denial of his claim, he may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Sincerely,

*Kristen A. Nelson for*

SUZANNE C. WILL
Chief Counsel